UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTOPHER J. VAZQUEZ,

       Plaintiff,
                  1:22-CV-0317
v.                     (GTS/TWD)

ST. MARY'S HEALTHCARE,

       Defendant.
_____

APPEARANCES:

CHRISTOPHER J. VAZQUEZ
 Plaintiff, *Pro Se*
42 Arnold Ave. Apt. 2
Amsterdam, New York 12010

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* civil rights action filed by Christopher J. Vazquez ("Plaintiff") against St. Mary's Healthcare ("Defendant") are (1) United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that Plaintiff's Complaint be *sua sponte* dismissed without prejudice and without prior leave to amend, and (2) Plaintiff's Objection to the Report-Recommendation. (Dkt. Nos. 7, 8.) For the reasons set forth below, Magistrate Judge Dancks' Report-Recommendation is accepted and adopted in its entirety.

I.  **STANDARD OF REVIEW**

When a *specific* objection is made to a portion of a magistrate judge's report-

recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P.

---

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II. ANALYSIS

Even when construed with the utmost of special leniency, Plaintiff's Objection does not contain a specific challenge to any portion of the Report-Recommendation (i.e., identifying the portion of the Report-Recommendation that he is challenging and the basis of his challenge). (*See generally* Dkt. No. 8, at 1 [asserting a challenge to U.S. District Judge Brenda K. Sannes' dismissal of Vazquez v. Dollar General Corp., 1:21-CV-0330 (N.D.N.Y.)], and 2-3 [alleging unjustified deprivation of controlled substances by Defendant].)  Moreover, after carefully reviewing the relevant papers herein, including Magistrate Judge Dancks' thorough Report-Recommendation, the Court can find no clear error in the Report-Recommendation.  Even if the Court were to subject the Report-Recommendation to a de novo review, it would find the Report-Recommendation survives that review: Magistrate Judge Dancks has employed the proper standards, accurately recited the factual allegations, and reasonably applied the law to those factual allegations.  As a result, the Report-Recommendation is accepted and adopted in its

---

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

entirety for the reasons stated therein, and Plaintiff's Complaint is *sua sponte* dismissed without prejudice and without prior leave to amend.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 7) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is *sua sponte* **DISMISSED** without prejudice and without prior leave to amend.

**The Court certifies that an appeal from this Decision and Order would not be taken in good faith.**

Dated: June 27, 2022
      Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge